# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RODERICK JACKSON, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV416-332 |
| GREGORY MCLAUGHLIN, | ) ) | |
| Respondent | ) ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted of cruelty to children charges, Roderick Jackson petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. The State moves to dismiss, arguing that it is untimely under § 2254's limitation statute, 28 U.S.C. § 2244(d)(1). Doc. 5; doc. 5-1.[1] The state trial court sentenced Jackson on March 14, 2012, doc. 6-1 at 1, denied his

---

[1] The Court encourages the Attorney General of Georgia to abandon the anachronistic practice of filing "announcement motions" with briefs. *See* doc. 5 ("Motion To Dismiss Petition As Untimely," referring the Court to the motion's legal basis in a second document, doc. 5-1, the State's brief). A simple "Motion To Dismiss" that also contains the State's brief (hence, a "motion/brief") will do, sparing both the State and this Court the extra paperwork labor and file space. *See* L.R. 7.1(b) ("A motion and supporting memorandum (brief) may be filed as one document.").

motion to withdraw his guilty plea on November 13, 2012, doc. 6-3 at 2, and on November 26, 2013 granted his request to dismiss "all pending motions[,] including [his] notice of appeal." Doc. 6-4 at 1.

Jackson had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1). That clock is stopped only by the pendency of a properly filed state direct appeal or collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there

is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013).

Under O.C.G.A. § 5-6-38, Jackson's convictions and sentences became "final" thirty days after November 26, 2013 -- the expiration of the time for filing a notice of appeal of the trial court's dismissal order. Jackson filed his state habeas petition in July 2013 -- months before the state trial court dismissed, per his request, "all pending motions and the notice of appeal." Doc. 6-4 at 1; doc. 6-5 at 1, 7. The State concedes that by filing his state habeas petition before entry of that dismissal order, Jackson stopped § 2244(d)(1)'s clock. Doc. 5-1 at 5.

On November 4, 2014, the state habeas court denied relief. Doc. 6-6 at 1. Under O.C.G.A. § 9-14-52(b), Jackson then had 30 days to file a notice of appeal in the superior court and a Certificate of Probable Cause (CPC) application in the Georgia Supreme Court (Georgia's requirements to appeal that ruling). *King v. Warden*, 665 F. App'x 785, 787 (11th Cir. 2016). He filed a CPC application but failed to also file a notice of appeal in the superior court, so the Georgia Supreme Court dismissed the CPC application because he missed the 30-day, appeal-notice deadline as of December 4, 2014. Doc. 6-7 at 1. That CPC attempt

3

therefore was not "properly filed,"[2] so the clock was not stopped and, consequently, it resumed ticking on December 5, 2014. *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004). Under § 2244(d)(1)(A), that gave him until Monday, December 7, 2015,[3] to file it. By waiting until December 12, 2016, he simply missed the deadline.

Even at that, Jackson failed to sign his petition, much less respond to Question 18, which required that he explain why § 2244(d)(1)'s one-year limit did not bar his petition. *Id.* at 13-15. The Clerk is therefore **DIRECTED** to serve Jackson with a copy of his signature page, and he must return it to this Court (place it in his prison's mail system) within 14 days of the date this ruling is served upon him, or risk dismissal on

---

[2] *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (a state post-conviction action is "properly filed" for § 2244(d)(2) purposes "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee" (footnote omitted)); *see also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (quotes and brackets omitted)).

[3] Fed. R. Civ. P. 6(a)(1)(C) does not permit a time period to end on a Saturday, a Sunday, or a legal holiday; instead it ends at the end of the next day that the Court is open. Fed. R. Civ. P. 6(a)(1)(C). December 5, 2015 fell on a Saturday, so December 7, 2015, was Jackson's last day to file.

non-prosecution grounds.[4]  But even if the Court accepts his § 2254 petition as filed on December 12, 2016 (or a few days before that, if he claims he placed it in his prison's mail earlier), it would still be time-barred and thus must be **DISMISSED WITH PREJUDICE**.

Meanwhile, Jackson moves for a 90-day extension of time to respond to the State's Motion to Dismiss. Doc. 7. He claims mental and law-library access impediments. *Id.* The Court **DENIES** the motion (doc. 7) but extends from 14 to 30 days the date on which he may file an Fed. R. Civ. P. 72(b)(2) Objection to this Report and Recommendation. This legal issue is simple enough, and it is conspicuous that Jackson failed to answer Question 18 of the § 2254 form (the Court will give him the benefit of the doubt and assume that his signature omission was just an oversight). That extension will be rescinded, and the Court will

---

[4] *See* L.R. 41(b); *see also Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order); *Donaldson v. Clark,* 819 F.2d 1551, 1557 n. 6 (11th Cir. 1987) (district court has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice); *McKinley v. FDIC,* 2016 WL 930291 at * 2 (11th Cir. Mar. 11, 2016) (affirming this Court's Rule 41(b) dismissal because "(1) Plaintiff blatantly flouted the magistrate judge's order, (2) the order warned Plaintiff of dismissal, and (3) the district judge dismissed without prejudice").

advise dismissal on non-prosecution grounds, if Jackson fails to timely return his executed signature page.

Meanwhile, it is plain that unless Jackson responds with a knock-out punch, he has raised no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within *thirty* days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, and if the Court has not granted an additional extension or otherwise paused this case, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 5th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA